UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Chapter 7

Wilfred Dewitt Hart,  Case No. 18-43959

    Debtor.  Honorable Phillip J. Shefferly
_____/

**ORDER CONTINUING AUTOMATIC
STAY IN EFFECT AND ADJOURNING HEARING**

On May 2, 2018, the Debtor filed an emergency ex parte motion ("Motion") (ECF No. 18) regarding a pending eviction of the Debtor from his home located at 14645 Warwick, Detroit, Michigan 48223 ("Property"). Upon the filing of the Motion, the Court entered an order scheduling an emergency hearing for May 2, 2018 at 11:30 a.m.

The Debtor appeared at the hearing pro se, and requested the Court to stop the eviction based on the filing of his bankruptcy petition. Michael Baumhaft ("Baumhaft"), an individual claiming ownership of the Property, also appeared at the hearing pro se. Baumhaft opposed the Debtor's request based on the status of a pre-petition eviction proceeding in the 36th District Court for the State of Michigan, case number 17-329315-LT ("State Court Case"). Baumhaft advised the Court that a hearing took place in the State Court Case on April 26, 2018, at which the presiding

judge in the State Court Case found that the automatic stay of § 362(a) of the Bankruptcy Code does not apply to Baumhaft's efforts to evict the Debtor from the Property.

State courts have concurrent jurisdiction with the bankruptcy court to determine the applicability of the automatic stay when an individual files a bankruptcy case. See Chao v. Hospital Staffing Services, Inc., 270 F.3d 374, 383-84 (6th Cir. 2001) ("Assuming its jurisdiction is otherwise sound, the non-bankruptcy court may enter orders not inconsistent with the terms of the stay and any orders entered by the bankruptcy court respecting the stay.").

At the emergency hearing, this Court did not have the benefit of all of the materials in the record before the presiding judge in the State Court Case at the hearing in the State Court Case on April 26, 2018. The Court found at the emergency hearing that it needs a more fully developed record to ascertain whether the automatic stay of § 362(a) applies in this case or whether an exception to the automatic stay under § 362(b) applies. Therefore, the Court adjourned the hearing for one week to permit the Debtor and Baumhaft to provide the Court with any supporting documents they may have regarding their respective positions, including any lease for the Property and any judgment of possession in the State Court Case. Accordingly, for the reasons explained by the Court on the record at the hearing, all of which are incorporated herein,

**IT IS HEREBY ORDERED** that the hearing on the Motion is adjourned to **May 9, 2018 at 1:00 p.m.**, before the Honorable Phillip J. Shefferly, in Courtroom 1975, 211 West Fort Street, Detroit, Michigan 48226.

**IT IS FURTHER ORDERED** that at the adjourned hearing, the Court will determine whether the automatic stay of § 362(a) applies to Baumhaft's eviction of the Debtor, or whether there is an exception to the automatic stay under § 362(b) that applies in this case such that the eviction can proceed.

**IT IS FURTHER ORDERED** that the Debtor and Baumhaft shall provide the Court at the adjourned hearing with any documentation they may have to support their respective positions.

**IT IS FURTHER ORDERED** that the automatic stay of § 362(a) is currently in effect and will continue in effect so that no eviction takes place until such time as the Court rules on the Motion at the adjourned hearing.

**Signed on May 02, 2018**



/s/ Phillip J. Shefferly
**Phillip J. Shefferly**
**United States Bankruptcy Judge**