UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                  Chapter 7

Wilfred Dewitt Hart,                                          Case No. 18-43959

    Debtor.                                                    Hon. Phillip J. Shefferly
_____/

### ORDER DENYING EMERGENCY EX PARTE MOTION REGARDING THE AUTOMATIC STAY

On May 2, 2018, the Debtor filed an emergency ex parte motion ("Motion") (ECF No. 18) regarding the imminent eviction of the Debtor from his home located at 14645 Warwick, Detroit, Michigan 48223 ("Property"). The Court held a hearing on the Motion on May 2, 2018 at 11:30 a.m. The Debtor appeared at the hearing pro se, as did Michael Baumhaft ("Baumhaft"), a representative of Bee Management, Inc., which claims ownership of the Property. The Debtor requested the Court to stop the eviction based on application of the automatic stay of § 362(a) of the Bankruptcy Code. Baumhaft opposed the Debtor's request based on the status of a pre-petition eviction proceeding in the 36th District Court for the State of Michigan, case number 17-329315-LT ("State Court Case"). After hearing arguments from both

the Debtor and Baumhaft, the Court decided to adjourn the hearing until May 9, 2018 at 1:00 p.m. so that it may have the benefit of a more fully developed record.

Both the Debtor and Baumhaft appeared at the adjourned hearing, this time with counsel. Although there are some facts in dispute with regard to claims that the Debtor and Baumhaft have to the Property, the facts that are relevant to the Motion are undisputed. It is undisputed that there was a judgment of possession of the Property entered in the State Court Case in favor of Bee Property Management, Inc. and against the Debtor on December 14, 2017. It is also undisputed that an order of eviction was entered in the State Court Case on April 26, 2018, and that the judge presiding in the State Court Case entered an additional order on April 26, 2018 that found that the automatic stay of § 362(a) "does not apply to a previously entered judgment of possession."

After listening to arguments of counsel for the Debtor and Baumhaft, and reviewing the documents from the State Court Case that Baumhaft provided at the hearing, the Court found at the hearing that the presiding judge in the State Court Case was correct in holding in the April 26, 2018 order that the automatic stay of § 362(a) does not apply to the actions of Bee Property Management, Inc. to evict the Debtor from the Property pursuant to the judgment of possession. More specifically, the Court found that the exception to the automatic stay contained in § 362(b)(22) of the

Bankruptcy Code applies in this case. Accordingly, for the reasons set forth by the Court on the record at the hearing on May 9, 2018,

**I**T **I**S **H**EREBY **O**RDERED that the Motion (ECF No. 18) is denied.

**I**T **I**S **F**URTHER **O**RDERED that the denial of the Motion is without prejudice to any claims that the Debtor may have relative to the Property, or any defenses that Bee Property Management, Inc., or any other party, may have relative to the Property. This order does not adjudicate any disputes between the Debtor and Bee Property Management, Inc. regarding the Property, but only adjudicates that the exception to the automatic stay contained in § 362(b)(22) applies because Bee Property Management, Inc. obtained a pre-petition judgment of possession for the Property in the circumstances described within § 362(b)(22).

**Signed on May 10, 2018**



/s/ Phillip J. Shefferly
_____
**Phillip J. Shefferly**
**United States Bankruptcy Judge**